Luther S. Trowbridge and Morgan E. Dowling et al.
v. Nathan Dean.

*Parol explanation of written contract.*

A firm of attorneys, suing for their fees, sought to prove a contract
for their services by correspondence, and showed that defendant
or his attorney had authorized them to see what could be done
in effecting a compromise with creditors and to notify him by
letter; that they had written to him accordingly, and had
received a reply. *Held* that defendant could not show that he
was influenced to write the reply by some undisclosed purpose,
or that expressions in it were used in a foreign or hidden sense,
or that it was meant to convey any other meaning than that to
be naturally ascribed to it by the recipients under the circum-
stances.

Error to Jackson. Submitted April 17. Decided April 24.

Assumpsit. Plaintiffs bring error.

*Trowbridge & Dowling* for plaintiffs in error.

*Gibson & Parkinson* for defendant in error.

Graves, J. Plaintiffs in error made claim against
defendant in error for professional services rendered as
they alleged at his express request and for his benefit
in connection with bankruptcy proceedings prosecuted
against the firm of Young & Dean, defendant in error
being the father of the latter member of that firm and
having a direct pecuniary interest in the proceedings.

The claim being put in suit before a justice, the
plaintiffs in error recovered $150 and the defendant in
error appealed and in the circuit court the jury found
for the defendant. The case comes up on a bill of
exceptions, and the only charges of error insisted on
relate to rulings in respect to the admission of evidence.

The mode of submission to the jury is not complained
of. The liability was contested upon the ground that
defendant in error never employed the plaintiffs, and

the chief evidence on which they relied to prove the fact of employment consisted of correspondence. After the institution of the bankruptcy proceedings against Young & Dean, Mr. Young of that firm engaged the plaintiffs to help him, and their position as counsel for Young, or Young & Dean, and their course taken in connection with special efforts to bring about a compromise between the firm creditors and the alleged bankrupts seem to have led to the transactions which have given rise to the present controversy.

One of the matters agitated was that defendant had received certain conveyances from his son which the creditors of Young & Dean would assail through the assignee in bankruptcy unless a compromise should be effected.

Mr. Dean resided at Parma and the plaintiffs at Detroit, and Mr. McGee of Jackson was a local adviser of the former. Mr. Dowling testified that defendant in error in person or through McGee, his attorney, authorized plaintiffs to see what could be done in effecting a compromise with three or four of the creditors who were unwilling to take fifty per cent., and to notify him by letter, and that after consulting Mr. Dickinson, who had the claims, the plaintiffs wrote him the first letter.

It is objected that the court erred in allowing defendant to explain his grounds for replying to that letter. The record, in my opinion, fails to present the point attempted to be brought into question, but the other members of the court are satisfied that the objection is fairly saved. That being the case there can be no doubt that error was committed.

The letter to plaintiffs in error was naturally received as an answer to their letter, and they were entitled to read it in connection therewith, and according to the fair import of its terms taken in such connection, and it was not competent to show that Mr. Dean was influenced to write it by some undisclosed purpose, or that any expressions in it were used in a foreign or hidden

sense, or that it was a communication meant to convey any other sense than that to be naturally ascribed to it by the plaintiffs in error under the circumstances.

For the error in admitting this evidence the judgment must be reversed with costs and a new trial ordered.

Some other matters are agitated in the brief of plaintiffs in error which are not very important and will not be likely to come up again.

The other Justices concurred.